# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-30577
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 2, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LOUIS BOYD, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CR-63-1

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

A jury convicted Louis Boyd, Jr., of multiple drug and firearms offenses, and he ultimately received a 147-month total prison sentence. In 2015, the district court granted his motion for a sentence modification pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the Sentencing Guidelines. It determined that Boyd's amended guidelines range on the drug counts was 57 to 71 months of imprisonment and imposed a 71-month term to run

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30577

consecutively to Boyd's 60-month prison sentence on a firearms count.  In 2016, Boyd moved for a further reduction pursuant to the same guidelines amendment.  The district court denied that motion, and Boyd now appeals that decision.  Boyd's motion for leave to file his reply brief out of time is GRANTED.

Boyd argues that the district court did not provide adequate reasons to justify the denial of his motion, but there was no error because the court was not required to provide any reasons at all.  *See United States v. Evans*, 587 F.3d 667, 674 (5th Cir. 2009).  Boyd also contends that the court did not appropriately account for relevant law, sentencing policy, the 18 U.S.C. § 3553(a) factors, Boyd's post-sentencing conduct, the fact that his prison is overcrowded, and the need to avoid sentencing disparities.  Boyd, though, has not shown that the district court abused its discretion.  *See United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).  The court correctly recognized that he was eligible for a sentence reduction; however, it denied the motion as a matter of discretion, referencing the § 3553(a) factors in general and specifically the seriousness of the offense and the need to provide just punishment, which were proper factors to consider.  *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010).  It also had before it Boyd's argument that he was entitled to a further reduction based on his post-sentencing conduct, but it was not required to grant a reduction based on this factor.  *See* U.S.S.G. § 1B1.10, p.s., comment. (n.1(B)(iii)).  A district court does not abuse its discretion in denying a § 3582(c)(2) motion where, as here, it gives due consideration to the motion and considers the § 3553(a) factors.  *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

AFFIRMED.